UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY COOK #499719,

    Plaintiff,

v.

PATRICIA CARUSO, *et al.*,

    Defendants.
                                                /

No. 09-10892

District Judge Denise Page Hood

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before this Court is Defendants Patricia Caruso and Dennis Straub's Motion for Summary Judgment [Docket #26], filed June 2, 2010 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing all claims against these Defendants WITH PREJUDICE.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, a Michigan State Department of Corrections ("MDOC") prisoner currently housed at the Earnest C. Brooks Correctional Facility, originally filed suit on March 10, 2009 alleging violations of 42 U.S.C. §1983, the Americans with Disability Act ("ADA") and the Rehabilitation Act ("RA"). On May 27, 2009, the case was dismissed without prejudice for failure to provide the Court with four copies of his complaint to be served on the named Defendants. *Docket #6.* The complaint was reinstated on March 12, 2010. *Docket #11.*

Plaintiff makes the following factual allegations. A diagnosed epileptic, he was issued a "Special Accommodation Notice" ("Accommodation") at the time he began his incarceration in December, 2006. *Amended Complaint* at ¶¶14-15. According to Plaintiff, the Accommodation entitled him to 1) first floor housing 2) a bottom bunk assignment and 3) work restrictions of "no height and no driving/dangerous machinery." *Id.* at ¶16. Upon his January, 2007 transfer to the Mound Correctional Facility ("NRF"), Plaintiff was assigned a second floor cell with a top bunk.

*Id.* at ¶17-18. He alleges that he notified Defendant Lane, Assistant Resident Unit Supervisor ("ARUM") that he was entitled to a bottom bunk, but that Lane failed take any corrective action. *Id.* at ¶19. He states that he also informed Defendant Truly, Resident Unit Manager ("RUM"), Defendant Steward, Assistant Deputy Warden of Housing ("ADW"), and Defendant Nobles, a deputy warden that his top bunk assignment was non-compliant with the Accommodation, but that these individuals failed to act on his behalf. *Id.* at ¶20.

Plaintiff alleges that verbal and written requests for a bunk change made to health care staff members Defendant Gladney and Defendant Susan Kristensen were unavailing despite the fact that the Accommodation remained in effect until December 21, 2007. *Id.* at ¶¶20-21. He alleges that on March 20, 2007 "while in his assigned top bunk," he fell to the floor as a result of a grand mal seizure, resulting in a back and head injury. *Id.* at ¶22. He alleges that during the episode, health care staff did not respond or examine him. *Id.* He was transported to Detroit Receiving Hospital for observation. *Id.* at ¶23.

Plaintiff alleges that Defendant Caruso and Straub's failure "to make policy or take corrective action" violated the Eighth Amendment, the Fourteenth Amendment, the ADA, and the RA. *Id.* at ¶24. He requests monetary damages.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. ANALYSIS
**Plaintiff's Failure to Show Either Personal Involvement Mandates the Dismissal of All Claims Against These Defendants**

Defendants Caruso and Straub, the MDOC Director and Deputy Director respectively, argue that "Plaintiff has not sufficiently alleged personal involvement" by either of them to impose liability under 42 U.S.C. §1983.[1] In fact, Plaintiff does not make factual allegations that Defendants

---
[1] Although not addressed in Defendants' Brief, Plaintiff's ADA and RA claims against present Defendants are subject to dismissal. "[N]either the ADA nor RA allows suits against government officials in their individual capacities." *Tanney v. Boles,* 400 F.Supp.2d 1027, 1044 (E.D.Mich.2005) (Roberts, J.). "We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities." *Williams v. McLemore* WL

Caruso or Straub were personally involved in the denial of his requests for a lower bunk, but instead faults them for failing to prevent the alleged constitutional violations of their subordinates. *Amended Complaint* at ¶24. Both Defendants have provided affidavits stating that they were unaware of Plaintiff's allegations until served with the complaint. *Docket #26-2,* Exhibit A, ¶9; *Docket #26-3,* Exhibit B, ¶6.

The allegation of deliberate indifference resulting in physical injury, properly analyzed under the Eighth Amendment, cannot be sustained against these Defendants. The Supreme Court has specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). While the complaint alleges that these Defendants "fail[ed] to make policy" that would have prevented his injury, he does not state how MDOC policy caused his accident. *Amended Complaint* at ¶24. To the contrary, he attributes his injury to the NRF staff's non-compliance with MDOC policy rather than the policy itself. *Id.* at ¶¶17-20. Because Plaintiff cannot show that Caruso or Straub impliedly authorized, approved or knowingly acquiesced in the allegedly unconstitutional conduct, these claims should be dismissed. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

In an attempt to defeat the Defendants' "no personal involvement" position, Plaintiff's *Response* is accompanied by letters from Plaintiff, purportedly sent to Caruso and Straub in the month preceding his accident, informing both Defendants that he had been improperly assigned a top bunk. *Response,* Exhibit A. Plaintiff also included unnotarized "declarations" by his girlfriend and mother, stating that in the month preceding the accident, they too, contacted Caruso and Straub's

---

1748146, *6 (6th Cir.2007) ( citing *Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 808 n. 1 (6th Cir.1999); *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 404-05 n. 6 (6th Cir.1997); *Walker v. v. Snyder,* 213 F.3d 344, 346 (7th Cir.2000).

offices.*Id.,* Exhibit B.² The Court cannot consider either the letters or "declarations." "[A]n unnotarized statement . . . . constitutes nothing more than unsworn hearsay that may not be considered on a motion for summary judgment." *Wright v. Swiatek,* 2006 WL 1880060, *5 (M.D.Tenn.2006)(citing *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir.1996)). Even assuming the truth of the declarations that Plaintiff, his girlfriend, and mother all contacted Caruso and Straub's offices, none of the statements show that either Defendant was made "personally aware" of the top bunk assignment.

Further, because Plaintiff has not alleged that he was "denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary classification," his Fourteenth Amendment equal protection claims against these Defendants are also dismissible as a matter of law. *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999). Allegations that MDOC employees were neglectful in failing to provide him with a lower bunk, (absent a claim that their nonfeasance was motivated by suspect class animus) are insufficient to sustain this claim. *Bass,* at 1050. As such Plaintiff's failure to show a constitutional violation by either of present Defendants also entitles them qualified immunity. *Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)(*citing Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Docket #34] be GRANTED, dismissing all claims against these Defendants WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505

---

²Notably, the *Amended Complaint* is absent any allegation that either Caruso and Straub were personally aware that Plaintiff had been mis-assigned to a top bunk.

(6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on December 20, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 20, 2010: **Gregory Cook.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge R. Steven Whalen
                              (313) 234-5217