UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY COOK #499719,            No. 09-10892

    Plaintiff,                       District Judge Denise Page Hood

v.                                       Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before this Court is Defendants Patricia Caruso's, Dennis Straub's, Darrell Steward's, Scott Nobles', Susan Kristensen's and Naomi Smith-Gladney's *Motion for Summary Judgment for Failure to Exhaust Adminstrative Remedies as Required by 42 U.S.C. § 1983* [Docket #29], filed June 17, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing claims against all Defendants WITHOUT PREJUDICE.[1]

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, a Michigan State Department of Corrections ("MDOC") prisoner currently housed at the Earnest C. Brooks Correctional Facility, originally filed suit on March 10, 2009, alleging violations of 42 U.S.C. §1983, the Americans with Disability Act ("ADA"), and the Rehabilitation Act ("RA"). On May 27, 2009, the case was dismissed without prejudice for failure to provide the Court with four copies of his complaint to be served on the named Defendants. *Docket #6*. The complaint was reinstated on March 12, 2010. *Docket #11*.

Plaintiff makes the following factual allegations. A diagnosed epileptic, he was issued a "Special Accommodation Notice" ("Accommodation") at the time he began his incarceration in

---

[1]The undersigned filed a Report and Recommendation on December 20, 2010, finding that Defendant Caruso and Dennis Straub should be dismissed with prejudice for lack of personal involvement. *Docket #40.* In the event that the District Court adopts the undersigned's earlier recommendation, the present recommendation to dismiss Caruso and Straub without prejudice would be moot.

December, 2006. *Amended Complaint* at ¶¶14-15. According to Plaintiff, the Accommodation entitled him to 1) first floor housing 2) a bottom bunk assignment and 3) work restrictions of "no heights and no driving/dangerous machinery." *Id.* at ¶16. Upon his January, 2007 transfer to the Mound Correctional Facility ("NRF"), Plaintiff was assigned a second floor cell with a top bunk. *Id.* at ¶17-18. He alleges that he notified Defendant Lane, Assistant Resident Unit Supervisor ("ARUM"), that he was entitled to a bottom bunk, but that Lane failed take any corrective action. *Id.* at ¶19. He states that he also informed Defendant Truly, Resident Unit Manager ("RUM"), Defendant Steward, Assistant Deputy Warden of Housing ("ADW"), and Defendant Nobles, a deputy warden, that his top bunk assignment was non-compliant with the Accommodation, but that these individuals failed to act on his behalf. *Id.* at ¶20.

Plaintiff alleges that verbal and written requests for a bunk change made to health care staff members Defendant Gladney and Defendant Susan Kristensen were unavailing despite the fact that the Accommodation remained in effect until December 21, 2007. *Id.* at ¶¶20-21. He alleges that on March 20, 2007 "while in his assigned top bunk," he fell to the floor as a result of a grand mal seizure, resulting in a back and head injury. *Id.* at ¶22. He alleges that during the episode, health care staff did not respond or examine him. *Id.* He was transported to Detroit Receiving Hospital for observation. *Id.* at ¶23.

Plaintiff alleges violations of the Eighth Amendment, the Fourteenth Amendment, the ADA, and the RA. *Id.* at ¶24. He requests monetary damages. On December 20, 2010, the undersigned filed a Report and Recommendation, finding that Defendant Caruso and Dennis Straub should be dismissed with prejudice for lack of personal involvement. *Docket #40.*

## II.  STANDARD OF REVIEW[2]

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

---

[2] Defendants' "Motion for Summary Judgment" does not address the merits of Plaintiff's claim, stating only that Plaintiff failed to exhaust his administrative remedies. This Report and Recommendation is therefore limited to the exhaustion issue.

In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies. If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th

Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III. ANALYSIS

Defendants argue that Plaintiff failed to timely exhaust his administrative remedies following the March 20, 2007 incident, originally arguing that he waited until August 14, 2008 to file a Step One grievance. *Defendants' Brief* at 5, Exhibit B, Grievance NRF-2008-08-468-12e. Citing *Ngo, supra,* they argue that Plaintiff's tardy grievance places him in non-compliance with the MDOC's grievance procedure. *Id.*

MDOC Policy Directive ("P.D.) 03.02.130(P) states as follows:

> Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration. If the issue is not resolved, the grievant may file a Step I filed *within five business days* after the grievant attempted to resolve the issue with appropriate staff.

*Ngo* clearly holds that filing an untimely or otherwise procedurally defective grievance does not satisfy the PLRA's exhaustion requirement. *See also Hagopian v. Smith*, 2010 WL 3854562 (E.D. Mich. 2010); *Garner v. Napel*, 2008 WL 2511185 (W.D. Mich. 2008). Grievance NRF-2008-08-468-12e, filed nearly 17 months after the events in question, is grossly untimely and places Plaintiff in non-compliance with the grievance procedure.

However, Plaintiff's response to the present motion states that he indeed submitted an earlier grievance (NRF-2007-03-219-12e) on March 23, 2007. Defendants' supplemental brief acknowledges both that Plaintiff filed the prior grievance and that the grievance was exhausted at Step III. *Docket #43* at 2-4. However, they contend that this earlier grievance, although timely filed, neither named present Defendants nor set forth the Complaint's theory of recovery. *Id.*

-4-

> P.D. 03.02.130(R)(effective 3/5/2007) states the requirements for a Step One grievance: The issues should be stated briefly but concisely. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

Plaintiff's March, 2007 Step One grievance states only that "[h]ealthcare staff at the Mound Road Correctional facility is/was derelict in its duty and response to my medical emergency and I request that these persons be disciplined." *Docket #43, Exhibit A*.

The grievance commenced on March 23, 2007 did not exhaust the present claims. First, the Complaint pertains almost exclusively to the failure of MDOC employees to provide him with a lower bunk prior to his injury. *Complaint* at ¶¶14-21. Plaintiff's March, 2007 grievance alleging that health care staff failed to come to his aid after his accident could not have placed any of present Defendants on notice of the present claims involving his bunk assignment.

Second, Plaintiff failed to name any of these Defendants in the March, 2007 grievance. One paragraph of the Complaint admittedly pertains to the subject of the March, 2007 grievance: "[h]ealthcare staff at the Mound Road Correctional facility is/was derelict in its duty and response to my medical emergency and I request that these persons be disciplined." *Docket #43, Exhibit A*. However, the grievance omits the names or even the positions of the individuals that failed to come to his aid. *See Sullivan v. Kasajaru*, 316 Fed.Appx. 469, 470, 2009 WL 650248, *1 (6th Cir. 2009)(citing *Ngo, supra*, 548 U.S. at 90, 126 S.Ct. 2378). While the Complaint names Defendants Gladney and Kristensen as nurses assigned to NRF, neither the Complaint nor the March, 2007 grievance claims that they failed to respond to Plaintiff's medical emergency or were even on duty at the time of incident. The Complaint alleges only that Gladney and Kristensen ignored Plaintiff's requests for a lower bunk accommodation prior to the March 23, 2007 fall. *Id.* at ¶¶21, 26.

Because the March, 2007 grievance omits both the "who" and "what" required by P.D. 03.02.130(R), Plaintiff has not exhausted his administrative remedies. Accordingly, claims against all Defendants should dismissed without prejudice.

## IV.  CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Docket #29], more properly construed as a motion to dismiss, be GRANTED, dismissing all claims against all Defendants WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 25, 2011

___

### CERTIFICATE OF SERVICE

I hereby certify on January 25, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 25, 2011: **Gregory Cook.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217