UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY COOK #499719,**

   **Plaintiff,**         Case No. 09-10892
vs.                HONORABLE DENISE PAGE HOOD

**PATRICIA CARUSO, et al.,**

   **Defendants.**
_____/

<u>**ORDER ACCEPTING REPORT AND RECOMMENDATION [DOCKET NO. 40] AND ACCEPTING REPORT AND RECOMMENDATION [DOCKET NO. 46]**</u>

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("R&R") **[Docket No. 40, filed on December 20, 2010]**, and Magistrate Judge R. Steven Whalen's Report and Recommendation ("Second R&R") **[Docket No. 46, filed on January 25, 2011]**. Plaintiff Gregory Cook has filed timely objections to both R&Rs **[Docket No.44, filed on January 13, 2011; Docket No. 48, filed on February 10, 2011]**. For the reasons set forth below, the Court accepts both R&Rs.

**I. STANDARD OF REVIEW**

  **A. <u>Report and Recommendation</u>**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(B)(1). The Court "shall make a de novo determination of those portions of the report or

1

specified proposed findings or recommendations to which objection is made." *Id*.

  **B.**  <u>**Summary Judgment**</u>

  Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

  **C.**  *Pro Se* <u>**Standards of Review**</u>

  When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003)(quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally afforded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

## II.     ANALYSIS

### A.     R&R

On June 2, 2010, Defendants Patricia Caruso and Dennis Straub filed a Motion for Summary Judgment **[Docket No. 26]**.  In the December 20, 2010 R&R, the Magistrate Judge recommended granting the motion and dismissing these two defendants with prejudice.  The Magistrate Judge reasoned that Plaintiff made no factual allegations that either Caruso or Straub was personally involved in the denial of his requests for a lower bunk, but attempts to hold them liable under a theory of *respondeat superior*.  The Supreme Court has held that liability cannot be based on *respondeat superior* liability in an action brought under 42 U.S.C. § 1983.  Plaintiff objects to the Magistrate Judge's finding, noting that Defendants Caruso and Straub filed affidavits with the Court indicating no personal involvement, but he replied with copies of letters sent to both Defendants and declarations from family members indicating they called Defendants' offices.  The Court agrees with the Magistrate Judge that the unnotarized declarations and letters cannot be considered as evidence on a motion for summary judgment.  Alternatively, the Court agrees that, even if the content of Plaintiffs' letters and declarations was presumed to be true, they are insufficient to demonstrate that either Defendant Caruso or Defendant Straub were personally involved in the denial of his requests for a lower bunk.

The Magistrate Judge further recommends dismissal of Plaintiff's equal protection claim against these two defendants, brought under the Fourth Amendment.  Plaintiff does not allege that he was denied equal protection based on his membership in a suspect class, and fails to demonstrate a constitutional violation.  This Court agrees that Defendants' Caruso and Straub's motion must be granted.

B.     Second R&R

On June 17th, 2010, the Defendants to this action brought a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as Required by 42 U.S.C. § 1983 **[Docket No. 29]**.  The Magistrate Judge recommended granting this motion, reasoning that Plaintiff did not comply with administrative exhaustion requirements. Plaintiff objects, stating that such requirements were waived, as Plaintiff's grievances were addressed on the merits.

Plaintiff filed a grievance on August 14, 2008 in response to an incident that occurred on March 20, 2007.  The Michigan Department of Correction (MDOC) Policy Directive 03.02.130(P) states that, prior to filing a grievance, the grievant must attempt to resolve the issue within two business days of becoming aware of a grievable issue.  If the grievant is unable to resolve the issue, the grievant may file a Step I grievance within five business days.  The Magistrate Judge correctly asserts that a grievance filed seventeen months after an alleged incident is untimely, and fails to satisfy administrative exhaustion requirements.  *See, e.g., Woodford v. Ngo*, 548 U.S. 81 (2006).

Plaintiff argues that, although untimely, this grievance satisfies administrative exhaustion requirements because Defendants addressed the grievance on its merits and never cited deficiencies.  However, Exhibit B to Defendant's Motion for Summary Judgment demonstrates that Plaintiff's grievance was initially rejected at Steps I and ultimately rejected at Step III as untimely.

Plaintiff's earlier grievance, filed on March 23, 2007, does not satisfy the administrative exhaustion requirements for the claims he now brings before the Court.  The Magistrate Judge notes that the earlier grievance did not name present Defendants and did not set forth the

4

Complaint's theory of recovery. Rather than addressing the denial of necessary accommodations, the March 23, 2007 grievance requested discipline for healthcare staff's inadequate response to his medical emergency. The Court agrees that Plaintiff's March 23, 2007 grievance did not exhaust Plaintiff's present claims.

### IV.   CONCLUSION

For the reasons set forth above and in the R&R and the Second R&R,

**IT IS ORDERED** that Magistrate Judge R. Steven Whalen's Report and Recommendation ("R&R") **[Docket No. 40, filed on December 20, 2010]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Magistrate Judge R. Steven Whalen's Report and Recommendation ("Second R&R") **[Docket No. 46, filed on January 25, 2011]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendants Patricia Caruso and Dennis Straub are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2011

5

I hereby certify that a copy of the foregoing document was mailed to Gregory Cook #499719, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 and the attorneys of record on this date, February 28, 2011, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Relief Case Manager, (313) 234-5165